**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JEROME WALLACE | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WMN-06-362 |
| FRANK SIZER | : | |
| Commissioner | : | |

o0o

**MEMORANDUM**

The above-captioned case was filed by Plaintiff on February 8, 2006, together with a Motion to Proceed In Forma Pauperis. Because Plaintiff appears to be indigent, his motion shall be granted.

Plaintiff alleges that Defendant is not permitting him to have bean pie and carrot cake delivered to the prison where he is incarcerated. Paper No. 1 at p. 4. He claims that the refusal to allow delivery of these items violates his First Amendment right to practice celebrate a traditional Nation of Islam holiday. Plaintiff seeks compensatory damages. *Id*. Plaintiff admits that he did not file an administrative remedy procedure request, opting instead to write to Defendant about the issue. *Id*. at p. 3.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 542 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001). Having reviewed Plaintiff's complaint, this court concludes that it would be appropriate in the interest of justice and to promote the speedy resolution of this action for Plaintiff to demonstrate exhaustion of administrative procedures as set forth in DCD 185-001, *et seq*. The court is of the view that, in this case, the

administrative procedures set forth in DCD 185-001, *et seq.*, will aid the court in making factual determinations and that the delay involved will not unduly burden or prejudice Plaintiff's rights. Upon submission of evidence that administrative remedies have been exhausted, Plaintiff may re-file this cause of action for the court's consideration.

    Accordingly, a separate Order shall be entered granting Plaintiff leave to proceed in forma pauperis, but dismissing his cause of action without prejudice to allow him to exhaust administrative remedies properly pursuant to 42 U.S.C. § 1997e. Plaintiff may refile his action after he has exhausted his administrative remedies through the institutional (Warden) and Division of Headquarters (Commissioner) levels.

                                                                                                /s/

\_\_\_2/28/06_____       _____
Date                                                               William M. Nickerson
                                                                  Senior United States District Judge